401 P.2d 555

Stephen BISTLINE, Plaintiff-Appellant,

v.

J. L. EBERLE, individually; T. H. Eberle, individually, W. D. Eberle, individually, and J. L. Eberle, T. H. Eberle and W. D. Eberle, as a partnership doing business under the firm name and style of Richards, Haga and Eberle, the Title Insurance Company in Idaho, an Idaho corporation, Sophy Whitman, Defendants-Respondents.

No. 9380.

Supreme Court of Idaho.

April 23, 1965.

474

Thomas A. Mitchell, Coeur d'Alene, for appellant.

Richards, Haga & Eberle, Boise, for respondent.

McQUADE, Chief Justice.

The plaintiff and the defendants Eberles are practicing attorneys, duly admitted to practice in Idaho.

In 1955 defendant Whitman, a Washington resident, loaned Mr. and Mrs. Green, Idaho residents, a certain sum of money. This loan was evidenced by a note and secured by a mortgage on the Greens' Idaho real estate. In January of 1956 plaintiff, as attorney for the Greens, informed Mrs.

Whitman that the note was usurious by Idaho law and that he had advised the Greens to make no further payments. Being advised of the plaintiff's claim, Mrs. Whitman's Washington attorneys contacted the defendant Title Insurance Company to inquire whether the title insurance policy issued by them on the Greens' real estate would cover a loss which Mrs. Whitman might sustain if the note were determined to be usurious. Defendants Eberles were attorneys for the Title Insurance Company. Defendant T. H. Eberle undertook to represent Mrs. Whitman concerning the note and mortgage. Thereafter there was considerable negotiation between plaintiff and defendant T. H. Eberle concerning the note and mortgage. Plaintiff contended that Idaho law applied and under said law the note was usurious. T. H. Eberle contended that Washington law was the applicable law since the note and mortgage were completed there. Plaintiff was insistent that his clients had a valid claim in that regard but delayed in filing suit.

In the interim Mrs. Whitman filed suit in the Idaho Federal District Court through her attorney, T. H. Eberle, to foreclose the mortgage. Plaintiff was named a party defendant as trustee for the mortgagors Greens and it was alleged therein that plaintiff had received monthly mortgage payments from the Greens but had not applied them to the mortgage. These allegations are the basis of the present li-

bel suit brought by the plaintiff. Paragraph II of the complaint filed in the United States District Court reads as follows:

"That the plaintiff, Sophy Whitman, is the wife of C. W. Whitman, and at all times hereinafter mentioned was a citizen and resident of the State of Washington; that the moneys loaned herein to defendants were her separate property; that Stephen Bistline is the attorney for Walter Frank Green and as such has received $100.00 monthly payments to be applied upon said mortgage to the information and belief of plaintiff and is a trustee therefor and should account for payments received; said Stephen Bistline being a citizen and resident of the State of Idaho."

The prayer for relief of said complaint reads in part:

"That Stephen Bistline be required to account for any and all $100.00 mortgage payments received by him and to pay over and apply the same upon the mortgage debt."

Plaintiff informed T. H. Eberle by letter that he felt his being named a party defendant was entirely unwarranted, unethical, and malicious and done with an attempt to libel him. Plaintiff further requested that T. H. Eberle initiate a motion dropping plaintiff as a defendant. Upon defendant's failure to do so, plaintiff moved for summary judgment as to himself, which was granted by the United States District Court.

In 1960 plaintiff initiated the present action alleging the defendants wrongfully and maliciously libeled him by filing the action in the United States District Court, contending that the effect of the complaint was to aver that plaintiff, as an attorney and a fiduciary, violated his trust and duty and allegedly misappropriated the funds of his client, which resulted in his client's being subjected to a mortgage foreclosure action. Defendants then moved for summary judgment, contending (1) that at the time of filing the complaint they had reason to believe that the Greens had been making the monthly mortgage payments to plaintiff; (2) if this be true, defendant Whitman had a right to have plaintiff pay over these funds on the mortgage debt; and (3) that the alleged libel, being part of a judicial proceeding, was privileged. Plaintiff countered by alleging that defendants knew the only funds of his client that plaintiff had were for settlement purposes only and were not connected with mortgage payments at all. Plaintiff further contended that allegations in the pleadings in the foreclosure action bore no reasonable relation to the subject matter of the suit, hence they did not come within the privilege exception. The trial court held that the pleaded matter did bear some relation to the proceedings and as a matter of law granted a summary judgment for defendants. Plaintiff brought this appeal from that judgment.

Shortly after the notice of appeal was filed, defendants moved to dismiss the appeal on the grounds that no praecipe was filed nor transcript prepared within the time allowed by I.C. § 13–215 and Rule 33 of this court.

Defendants make no showing that they were prejudiced or hampered in the preparation of their brief or the presentation of their case by plaintiff's failure to perfect the appeal on time. It is well settled in this jurisdiction that dismissal for failure to file the praecipe or motion for clerk's transcript or reporter's transcript is discretionary with this court and in absence of prejudice will not be granted. Moerder v. City of Moscow, 74 Idaho 410, 263 P.2d 993 (1953); Guiles v. Kellar, 68 Idaho 400, 195 P.2d 367 (1948); Isaak v. Journey, 52 Idaho 274, 13 P.2d 247 (1932). Defendant's motion to dismiss appeal is, therefore, denied.

Plaintiff assigns as error the trial court's ruling that since the allegations complained of bore some relation to the mortgage foreclosure cause of action and subject under inquiry, defendants were privileged pleaders. The trial court correctly stated the issues presented in this case when he said in his memorandum decision:

"The issues presented on this motion . are whether the statements in question

are libelous per se, and if so, are they privileged statements because made as part of a pleading in a judicial proceeding?"

However, the trial judge concluded that the second question was determinative of the motion. He decided the motion on the privilege question and made no determination of the question as to whether the statements were libelous. In reference to the law of libel and slander, Black, Law Dictionary (4th ed. 1951), defines privilege as follows:

"An exemption from liability for the speaking or publishing of defamatory words concerning another, based on the fact that the statement was made in the performance of a duty, political, judicial, social, or personal." At page 1360.

Dean Prosser calls privilege a defense or immunity. See Prosser, Torts, § 95, p. 607 (2d ed. 1955). Therefore, we deem it more logically correct to determine whether or not any liability existed in the first place.

■ If the language used is plain and unambiguous, as it was in the case at bar, it is a question of law for the court to determine whether it is libelous per se. Gough v. Tribune-Journal Company, 75 Idaho 502, 275 P.2d 663 (1954). Plaintiff admits he advised his clients to discontinue making the monthly mortgage payments to the mortgagee. The statements in the pleadings merely allege that the plaintiff as attorney for the mortgagor had received the monthly mortgage payments from said mortgagor for the purpose of applying them to the mortgage. There is nothing in the statements which charge or reasonably infer any unlawful conduct or professional misconduct. Neither do they tend to disgrace or degrade the plaintiff, nor do they hold him up to public hatred, contempt, or ridicule or cause him to be shunned and avoided. I.C. § 18–4801; Gough v. Tribune-Journal Co., 73 Idaho 173, 249 P.2d 192 (1952); Browder v. Cook, 59 F. Supp. 225 (N.D.Idaho 1944). The fact that the plaintiff himself places an actionable connotation on the statements does not make such statements actionable.

■ Because we conclude the statements are not actionable, it is not necessary to determine whether they are in fact privileged. The appellate court will uphold the judgment of the trial court if said judgment can be upheld on any theory. Andrus v. Irick, 87 Idaho 471, 394 P.2d 304 (1964); Berry v. Koehler, 86 Idaho 225, 384 P.2d 484 (1963); Saulls v. Employment Security Agency, 85 Idaho 212, 377 P.2d 789 (1963).

Judgment affirmed.

Costs to respondents.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.