523 P.2d 827

**Roy A. MILLER, Plaintiff-Appellant,**

v.

**Wanda K. MILLER a/k/a Wanda K. Flinn, Defendant-Respondent.**

**No. 11293.**

Supreme Court of Idaho.

June 26, 1974.

tion for divorce in the district court in which his amended complaint alleged that he believed himself to be the father of the child. The respondent did not answer the amended complaint. A hearing was held and the appellant testified that he had been informed that the child was not his as stated in his original complaint, but that he had since decided that the child was his son and accordingly had modified the complaint. In the divorce action an affidavit by the respondent was filed which stated that she was unable to care for the child, and it would be in the child's best interest to grant custody to the appellant. Mrs. Wanda McFarland, the mother of the respondent, testified that the respondent was not sufficiently emotionally stable to raise the child and stated that it would be in the child's best interest to grant custody to the appellant. On August 6, 1971, the district court entered a decree of divorce for the appellant which provided "that the plaintiff [appellant] be, and he is hereby, granted care, custody and control of Randy Allen Miller, the minor child of the parties * * *."

On March 6, 1972, the respondent filed a motion in the district court which requested "an order modifying the Decree of Divorce granting the defendant [appellant] the full care, custody and control of the minor child * * *." A medical report was introduced in the record which established that the appellant was not the father of the child. The respondent declined to offer any further evidence in support of her motion. The appellant offered testimony by several witnesses that the respondent was unfit to have custody of the child. The respondent then offered testimony in rebuttal to the appellant's evidence. After oral arguments on the motion the district court stated,

"At the time of this divorce plaintiff's first complaint alleged non-paternity. Then his amended complaint alleged the possibility of paternity. Then there was at least an informal agreement—perhaps it should have been formalized—between the parties that custody of the child

E. R. Frachiseur, Buhl, for plaintiff-appellant.

May, May & Sudweeks, Twin Falls, for defendant-respondent.

McQUADE, Justice.

This is an appeal from an order modifying the custody provision of a divorce decree. The plaintiff-appellant, Roy A. Miller, and the defendant-respondent, Wanda K. Miller, were husband and wife, and a child, Randy Allen Miller, was born during the marriage. The appellant filed an ac-

should be placed in the plaintiff, Roy A. Miller.

"There was never an adjudication of the fitness or unfitness of either Roy A. Miller or Wanda K. Miller. It has now been firmly established beyond any question that Roy A. Miller is not and could not be the father of the child.

"I find that therefore it is incumbent upon the Court in the absence of proof of unfitness, which has not been established, of Wanda K. Miller to return the custody, care and control of the minor child to Wanda K. Miller."

There was a delay in the entry of the final order because of the discovery that the respondent had been convicted of attempted resistance to an officer which led the court to grant the appellant's motion that the Department of Social Rehabilitation investigate the case to determine how to serve the best interests of the child. The Department of Social Rehabilitation report concluded that it would be in the best interests of the child to remain with the appellant. On February 16, 1973, the district court entered its final order holding that custody of the child be granted to the respondent. The appellant appeals to this Court from that order.

■ On August 3, 1973, the respondent filed a motion to dismiss this appeal on the ground that the appellant had failed to prosecute the appeal. The notice of appeal was filed February 16, 1973, and the record on appeal was filed April 16, 1973. Supreme Court Rule 41, subd. 4 provides the appellant's brief shall be served within thirty days after filing the record on appeal. At the time of the respondent's motion, the appellant had not filed a brief which was well in excess of thirty days. The appel-

lant subsequently filed a brief on August 10, 1973. It has been held that dismissal for noncompliance with the rules of appellate procedure pertaining to time for filing briefs is discretionary with this Court, and in the absence of prejudice dismissal will not be granted.[1] The respondent does not allege that she was hampered in the preparation of her brief or presentation of her case by the appellant's delay, therefore the appeal will not be dismissed.

The appellant contends that the trial court erred in awarding custody of the child to the respondent. It is argued not that the trial court abused its discretion, but that it unnecessarily limited its discretion by considering the issue of paternity as controlling in the award of custody of the child.

This Court has repeatedly held that a petition for modification of a decree of child custody will not be granted unless the petitioner shows that a material, permanent and substantial change in the circumstances and conditions of the parties has occurred since the date of the original decree and that this change in turn makes modification of the custody decree in the best interest of the child's welfare.[2] This action is complicated by the fact that the respondent contends that the appellant is not the natural father of the child.

■ The child was born during the marriage, and it is presumed the child is legitimate.[3] The appellant's amended complaint in the divorce action states that he "believes that the child, Randy Allen Miller, which was born on the 18th day of December, 1970 is his child and that said child was born as issue of said marriage * * *." The paternity allegation was not disputed by the respondent and a divorce decree was entered that held,

1. McNett v. McNett, 95 Idaho 59, 501 P.2d 1059 (1972); Bistline v. Eberle, 88 Idaho 473, 401 P.2d 555 (1965).

2. Mast v. Mast, 95 Idaho 537, 511 P.2d 819 (1973); Adams v. Adams, 93 Idaho 113, 456 P.2d 757 (1969); Tomlinson v. Tomlinson, 93 Idaho 42, 454 P.2d 756 (1969).

3. H. Clark, Law of Domestic Relations, § 5.1 (1968); S. Schatkin, Disputed Paternity Proceedings, 182–183, 500–505 (4th ed. 1967). See also: I.C. § 7–1119; Alber v. Alber, 93 Idaho 755, 472 P.2d 321 (1970); Thomey v. Thomey, 67 Idaho 393, 181 P.2d 777 (1947).

"[T]hat the plaintiff [appellant] be, and he is hereby, granted care, custody and control of Randy Allen Miller, the minor child of the parties * * *."

The respondent is precluded by the pleadings and the decree of divorce from raising the issue of paternity in this action to modify the custody provision of the divorce decree. As in all other actions to modify the custody provision of a divorce decree, the petitioner bears the burden of showing that a material, permanent and substantial change in circumstances and conditions of the parties has occurred since the date of the original decree and that the change requires modification of the custody decree for the best interest of the child's welfare.

In the case of Alber v. Alber[4] a woman filed an action for divorce that alleged no children were born of the marriage. However she knew she was pregnant and later attempted to modify the divorce decree to require her former husband to pay child support for the child subsequently born. The husband contended that she was estopped to modify the divorce decree because of the allegation there were no issue of the marriage. It was held that the decree could be modified and it was stated that,

"We hold therefore that the trial court herein had continuing jurisdiction over the parties for the determination of the questions presented to it. The conduct and the misrepresentations of a parent cannot militate against the interest of a child which is of paramount consideration."[5]

The respondent contends that since the mother in the *Alber* case was not precluded from raising the issue of paternity, that similarly she should not be precluded from raising the issue of paternity in this action. In the *Alber* case, the trial court did not litigate the paternity of the child since the judgment in that case merely concluded that there was no issue born to the parties during the marriage. This was a correct statement since the child was actually born approximately five or six months after the divorce decree was entered. The paternity of the child was never litigated in the trial court in the *Alber* case, and it was proper to reopen the trial court proceedings and litigate that issue in the same way that trial courts are permitted to reopen a divorce proceeding to litigate the title to real property which was omitted from the original proceedings.

The trial court's action is reversed and unless the respondent can show a basis for reopening the action as provided in IRCP 60, she will be bound by the original judgment of the trial court which found that the child was the issue of the marriage. To obtain custody of the child, the respondent must show that there has been a material, permanent and substantial change in the circumstances and conditions of the parties since the original decree, and that the change requires modification of the custody decree for the best interest of the child's welfare.

Costs to appellant.

SHEPARD, C. J., and DONALDSON, McFADDEN, and BAKES, JJ., concur.

4. 93 Idaho 755, 472 P.2d 321 (1970).    5. *Id.*, at 758 of 93 Idaho, at 324 of 472 P.2d.