919 P.2d 1036

**STATE of Idaho, BUREAU OF CHILD SUPPORT, Plaintiff–Respondent,**

v.

**Dennis L. KNOWLES, Defendant– Appellant.**

No. 22007.

Court of Appeals of Idaho.

June 5, 1996.

Review Denied Aug. 2, 1996.

Denman & Reeves, Idaho Falls, for appellant. Reginald R. Reeves argued.

Alan G. Lance, Attorney General; Margaret C. Lawless, Deputy Attorney General (argued), Boise, for respondent.

WALTERS, Chief Judge.

Dennis Knowles appeals from a district court decision upholding a magistrate's order of filiation. For the reasons set forth herein, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Dennis Knowles and Cheri Chittock were divorced in 1979. Prior to the decree of divorce, Chittock gave birth to a child, Jessie. At the time of the divorce proceeding, both Chittock and Knowles asserted that Jessie was not born of their marriage. Fourteen years later, the Idaho Department of Health and Welfare, Bureau of Child Support Services (the Department) brought an action against Knowles for support, alleging that he was Jessie's father. Knowles filed a motion to dismiss, which the magistrate denied.

On September 22, 1993, while the action was pending, Knowles served upon the Department a Request for Admission of Facts,

pursuant to I.R.C.P. 36(a). On October 4, 1993, the Department served upon Knowles its Responses to the Request for Admission of Facts. On November 17, 1993, Knowles filed an Affidavit in Proof of Facts, requesting an order establishing as true each of the facts set forth in his request for admissions. This request was based on the failure of the Department to verify its responses pursuant to I.R.C.P. 36(a), which requires that the responses be "signed under oath by the party or by the party's attorney." On June 22, 1994, the Department filed a Verification of its October 4, 1993, responses. On June 27, 1994, the magistrate entered an order allowing the Department's June 22, 1994, Verification and refused to deem the facts admitted due to the preexisting lack of verification.

Based upon blood tests, the magistrate entered an order of filiation on August 30, 1994, declaring Knowles to be Jessie's biological father, and ordering Knowles to pay child support. The district court affirmed the magistrate's decision. On this appeal, Knowles argues that the magistrate improperly denied his motion to dismiss because the Department's claim was barred by the doctrines of collateral estoppel and res judicata. He further argues that the magistrate abused his discretion by refusing to deem admitted the facts alleged in Knowles's requests for admissions.

## II. ANALYSIS

■ This Court reviews the decision of a magistrate judge independently of a district judge sitting in an appellate capacity, but with due regard to the district judge's ruling. *Ireland v. Ireland,* 123 Idaho 955, 957–58, 855 P.2d 40, 42–43 (1993). This Court will uphold a magistrate's findings of fact if supported by substantial and competent evidence. *Id.* at 958, 855 P.2d at 43. On issues of law, however, this Court exercises free review. *Ausman v. State,* 124 Idaho 839, 841, 864 P.2d 1126, 1128 (1993).

### A. Res Judicata and Collateral Estoppel.

■ Knowles argues that the magistrate erred in denying his motion to dismiss the Department's complaint because the doctrines of res judicata and collateral estoppel

barred the Department's action. He asserts that the issue of whether there were any children born of Knowles and Chittock's marriage was fully adjudicated in the 1979 divorce action. Specifically, Knowles cites testimony by both himself and Chittock, in response to questioning by the district court during the divorce proceedings, that although a child was born while the parties were separated but still married, Knowles was not the child's father. Knowles also refers to the district court's December 18, 1979, Judgment of Divorce, which stated that "no children have been born of the issue (sic) of plaintiff and defendant...." For the reasons expressed below, we reject Knowles' arguments.

■ Res judicata, or claim preclusion, prevents the litigation of causes of action which were finally decided in a previous suit. *Gubler v. Brydon,* 125 Idaho 107, 110, 867 P.2d 981, 984 (1994). As a general proposition, res judicata prevents litigants *who were parties in a prior action and those in privity with them* from bringing or having to defend a claim arising from the transaction or series of transactions giving rise to the first suit. *Id.* (emphasis added); *see also Wolfe v. Farm Bureau Ins. Co.,* 128 Idaho 398, 402–03, 913 P.2d 1168, 1172–73 (1996); *Aldape v. Akins,* 105 Idaho 254, 256, 668 P.2d 130, 132 (Ct. App.1983).

■ Collateral estoppel, or "issue preclusion," is one component of res judicata. *Aldape,* 105 Idaho at 256, 668 P.2d at 132. "'[C]ollateral estoppel' or 'issue preclusion' ... bars the relitigation of issues actually adjudicated, and essential to the judgment, in a prior litigation *between the same parties.* ... [T]he contested issue must have been litigated and necessary to the judgment earlier rendered.'" *Id.* at 256–57, 668 P.2d at 132–33 (citation omitted).

■ In determining whether collateral estoppel will act as a bar, a five-factor test must be considered: (1) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action;

(3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) *the party against whom the issue is asserted was a party or in privity with a party to the prior litigation.* *Western Indus. v. Kaldveer Associates, Inc.,* 126 Idaho 541, 544, 887 P.2d 1048, 1051 (1994) (emphasis added).

An essential element of both res judicata and collateral estoppel is that the two actions involve the same parties or their privies. In the instant case, the parties to the action are Knowles and the Department, whereas the parties to the 1979 divorce proceeding were Knowles and Chittock. Because the parties in the first and second action are not the same, the doctrines of res judicata and collateral estoppel do not apply unless the Department was in privity with a party to the divorce action.

To establish privity, Knowles must show that the Department, who was not a party to the former action, "derives [its] interest from one who was a party to it." *Weldon v. Bonner County Tax Coalition,* 124 Idaho 31, 35, 855 P.2d 868, 872 (1993); *see also Gubler,* 125 Idaho at 110, 867 P.2d at 984. We conclude that the Department's interest in the instant case is not derivative: the Department clearly has an independent interest in seeking reimbursement from Knowles for payments the Department had made to Chittock in the form of Aid to Families with Dependent Children. The Department also has an interest in compelling Knowles to make child support payments to Chittock so that the burden of providing public assistance by the Department is lessened. Indeed, the statutory scheme explicitly permits the Department to bring an action "to establish the paternity of the child and to compel support under [the Paternity] act." *See* I.C. § 7–1110.

Knowles argues that the real party in interest in the instant case is the child, Jessie, and that Jessie is in privity with her mother, who was a party to the divorce action. We are not persuaded that resolution of the issue in this case depends upon a determination as to who is the real party in interest. Rather, as explained above, the Department clearly

has an independent, statutorily-based interest in being reimbursed by Knowles and in assuring that Knowles makes future child support payments to Chittock.

Knowles also contends that this case is governed by *Miller v. Miller,* 96 Idaho 10, 523 P.2d 827 (1974). In *Miller,* a man filed an action for divorce, alleging in his amended complaint that he believed himself to be the father of the child born during the marriage. 96 Idaho at 11, 523 P.2d at 828. At the divorce hearing, the man testified that although he had been informed that the child was not his, he decided that he was the father of the child and therefore alleged such in his amended complaint. *Id.* The mother of the child filed an affidavit in which she stated that she was unable to care for the child and that it would be in the child's best interest to grant custody to her husband. *Id.* The district court subsequently entered a decree of divorce which provided that the man be awarded "custody and control of Randy Allen Miller, the minor child of the parties." *Id.*

Approximately seven months later, the mother filed a motion to modify the decree by requesting custody of the child. *Id.* A medical report was introduced in the record which established that the man was not the father of the child. *Id.* The Idaho Supreme Court held that the mother was "precluded by the pleadings and the decree of divorce from raising the issue of paternity in th[e] action to modify the custody provision of the divorce decree." *Id.* at 13, 523 P.2d at 830.

*Miller* is inapplicable here, however, because unlike in the instant case, the parties in *Miller* were the same in both the divorce action and in the action to modify custody. We hold that because the parties to this action are not the same as, or in privity with, the parties to the divorce action, the doctrines of res judicata and collateral estoppel do not apply. *See also Dept. of Health and Welfare v. Bowler,* 116 Idaho 940, 782 P.2d 63 (Ct.App.1989).

## B. Knowles's Request for Admissions of Fact Pursuant to I.R.C.P. 36(a).

██ Knowles asserts that the magistrate abused his discretion in allowing the Depart-

ment to verify its responses eight months after the responses were filed because the requirement for signing under oath is mandatory under Rule 36(a).

In upholding the magistrate's decision, the district court relied on *Vannoy v. Uniroyal Tire Co.*, 111 Idaho 536, 726 P.2d 648 (1985). In *Vannoy*, the defendant submitted a request for admission of facts, and when the plaintiffs did not answer the request, the defendant asked the trial court to deem the facts admitted. 111 Idaho at 544, 726 P.2d at 656. The court denied the defendant's motion to deem the facts admitted and instead granted the plaintiffs' motion to have the defendant's requests for admissions "discarded." *Id.* The Supreme Court upheld the trial court's decision, holding that no prejudice had occurred to the defendant "since plaintiffs' statements in depositions and interrogatories set out plaintiffs' position which adequately denied the substance of the requests for admissions submitted by [the defendant]." *Id.*

We agree with the district court that *Vannoy* governs this case. Although not verified until eight months later, the Department's answers, which were served within the time allotted under Rule 36(a), set forth the Department's position "which adequately denied the substance of the requests for admissions" submitted by Knowles. *Vannoy, supra.* Thus, Knowles suffered no prejudice as a result of the Department's failure to sign its responses "under oath" as required by Rule 36(a), until eight months after the responses were filed.

**C. Attorney Fees.**

■ The Department requests attorney fees on appeal pursuant to I.C. §§ 12–120 and 12–121. Attorney fees are awarded to the prevailing party under I.C. § 12–120 "where the amount pleaded is twenty-five thousand dollars ($25,000) or less." In its complaint, the Department requested reimbursement from Knowles in the amount of $2,486, and payments to Chittock in the amount of $350 per month until Jessie reaches the age of 18, or, if Jessie continues her education after age 18, until Jessie discontinues her education or reaches the age of 19,

"whichever is sooner." The complaint also sought medical insurance for Jessie. Because we are not able to determine from the complaint whether the total reimbursement and support requested is $25,000 or less, we cannot award attorney fees pursuant to I.C. § 12–120.

■ I.C. § 12–121 authorizes this Court to award reasonable attorney fees to the prevailing party on appeal, not as a matter of right, but only where the court is left with the abiding belief that the appeal was brought, pursued or defended frivolously or without foundation. *Thompson v. Pike*, 125 Idaho 897, 901, 876 P.2d 595, 599 (1994). We conclude that although Knowles's position on appeal is incorrect, it was not so "plainly fallacious as to be deemed frivolous," *Hanf v. Syringa Realty, Inc.*, 120 Idaho 364, 370, 816 P.2d 320, 326 (1991), particularly in light of the Supreme Court's decision in *Miller, supra.* Therefore, we decline to award attorney fees pursuant to I.C. § 12–121.

**III. CONCLUSION**

We hold that the magistrate properly ruled that the Department's action was not barred by the doctrine of res judicata or collateral estoppel. We also conclude that the magistrate did not abuse his discretion in allowing the Department to verify its responses to Knowles's request for admissions eight months after the Department filed its responses. Finally, we decline to award attorney fees to the Department on appeal pursuant to either I.C. § 12–120 or I.C. § 12–121.

Accordingly, the district court's decision upholding the magistrate's order of filiation is affirmed. Costs to the Department. I.A.R. 40.

LANSING and PERRY, JJ., concur.