J. W. JONES,
dissenting.
I respectfully dissent from the Court’s opinion because I believe that there is no cognizable basis for this Court to disrupt the private agreement between Monica and Christopher.
Monica offers many arguments in an attempt to invalidate the original judgment or support modification based on some illegality or inequality with the original judgment. I am not persuaded that Monica can collaterally attack the original judgment to support modification of child support.
The primary error alleged by Monica in the child support award in the original judgment is the magistrate court’s failure to make findings pursuant to Idaho Code section 32-706(5). This statute provides:
The legislature hereby authorizes and encourages the supreme court of the state of Idaho to adopt and to periodically review for modification guidelines that utilize and implement the factors set forth in subsections (1) through (4) of this section to create a uniform procedure for reaching fair and adequate child support awards. There shall be a rebuttable presumption that the amount of the award which would result from the application of the guidelines is the amount of child support to be awarded, unless evidence is presented in a particular case which indicates that an application of the guidelines would be unjust or inappropriate. If the court determines that circumstances exist to permit a departure from the guidelines, the judge making the determination shall make a written or specific finding on the record that the application of the guidelines would be unjust or inappropriate in the particular case before the court. When adopting guidelines, the supreme court shall provide that in a proceeding to modify an existing award, children of the party requesting the modification who are born or adopted after the entry of the existing order shall not be considered.
I.C. § 32-706(5). Relevant here, the statute creates a rebuttable presumption that the amount of child support awarded by the court should be the amount recommended by the Guidelines, unless the application of the *940 Guidelines would be unjust or inappropriate based upon the particular facts of the case. In those circumstances that permit a departure from the Guidelines, the court must make a finding on the record that the application of the Guidelines would be unjust or inappropriate. In this case, the magistrate court did not make any findings on the record regarding the circumstances permitting a departure from the Guidelines.
The absence of findings by the magistrate court draws attention to an unfortunate consequence of stipulated judgments in divorce cases. In many divorce actions, including the case at bar, the terms of child support, child custody, and property division are settled by the parties before any trial or hearing on the matter. The parties, represented by counsel, present a stipulated judgment and parenting plan to the magistrate court. With the assumption that the attorneys adequately advised and represented their clients, the magistrate court will simply sign the stipulated judgment. The magistrate court does not have an opportunity to make findings on the record when the matter is not heard and is instead presented by stipulation. It appears that this is what happened here. The magistrate court was presented with what was essentially a private contract between the parties on child custody, child support, and property division. Based on the record, neither party requested a hearing, so the magistrate court entered the judgment in accordance with the parties’ agreement.
I believe that it is the better practice in situations where the parties enter into a private agreement regarding child support, child custody, and property division for the attorneys to provide in the agreement the specific reasons for any deviation from the Guidelines. If the child support award is not in substantial compliance with the Guidelines, the agreement should provide the justification for the deviation. That explanation would at least, perhaps, indicate to the magistrate court reviewing the stipulated judgment as to the fact that the child support deviates from the Guidelines and the reason for such deviation.
In situations like these, where both parties are represented by legal counsel, it is obviously the duty of each attorney to effectively and vigorously represent the best interests of his or her client. Absent evidence to the contrary, it must be presumed that divorce counsel fulfilled their duty to zealously represent their client and their duty of candor to the court by negotiating, drafting, and presenting the stipulated agreement.
In a case in which one of the parties seeks to modify the stipulated agreement absent any showing of a substantial and material change in circumstances, it appears that such party is essentially changing his or her decision previously made by him or her with the advice of counsel. If a party seeking such modification believes that he or she was not adequately represented by counsel in reaching the settlement agreement or the child support provision of such agreement, then the better course is to seek relief from the attorney advising the party to enter into the agreement. The settlement agreement is essentially a private contract between the parties represented by counsel. There is no basis except as provided by statute or rule to intervene to change the parties’ agreement.
For Monica to have properly challenged the original judgment, she was required to follow the Idaho Rules of Civil Procedure (I.R.C.P.) and the Idaho Appellate Rules (I.A.R.). This Court has recognized that I.R.C.P. 60(b)[4] is the “only identifiable legal *941 basis” for a party to set aside or vacate a child support order by exercise of the court’s equitable powers. Waller v. Dep’t of Health & Welfare, 146 Idaho 234, 239, 192 P.3d 1058, 1063 (2008). For example, in Miller v. Miller, 96 Idaho 10, 523 P.2d 827 (1974), the Court reversed the trial court’s order modifying the child custody provision of a divorce decree as an improper collateral attack. Id. at 13, 523 P.2d at 830. The Court reasoned that the order allowed the mother to use the motion to modify as a collateral attack of the finding in the divorce decree that the child was the issue of the marriage. Id. The Court held that the mother “was precluded by the pleadings and the decree of divorce from raising the issue of paternity in this action to modify the custody provision of the divorce decree.” Id. The Court explained that “unless [the mother] can show a basis for reopening the action as provided in I.R.C.P. 60, she will be bound by the original judgment of the trial court which found that the child was the issue of the marriage.” Id. Likewise, in Levin v. Levin, 122 Idaho 583, 836 P.2d 529 (1992), the Court recognized that the magistrate court partially based its decision to modify child support on its characterization of the original child support award as “overly restrictive” and “not giving adequate weight” to the Guidelines. Id. at 588, 836 P.2d at 534. The Court determined that these considerations by the magistrate court “amounted to a collateral attack on the earlier court’s judgment which had not been appealed.” Id. Thus, the Court vacated the order modifying child support “because the magistrate’s finding of a material, permanent and substantial change in circumstances was based partially upon its erroneous collateral attack upon the prior court’s [original] support order.” Id.
In this case, Monica could have timely objected prior to the entry of the original judgment, moved for reconsideration under I.R.C.P. 11(2)(B), filed a motion pursuant to I.R.C.P. 60(b), or appealed the judgment under I.A.R. 11. She failed, however, to use any of these remedies. Instead, she now uses her appeal of the magistrate court’s order denying her motion for modification to collaterally attack the original judgment on public policy and legal grounds. This appeal is not the proper mechanism to challenge the original judgment. Monica filed her motion pursuant to I.R.C.P. 60(c), which provided the procedure for modifying child support orders. However, a person may only employ that procedure “upon a showing of a substantial and material change of circumstances.” I.C. § 32-709(1). No such showing has been made here. Monica’s motion under I.R.C.P. 60(c) only allows a party to move for modification of the child support order based on a substantial and material change in circumstances. It does not allow the parties to re-litigate issues or raise new errors in the initial determination of the child support award in the original judgment. Based on Monica’s failure to properly challenge the original judgment, I believe that the Court should not reverse or vacate the magistrate court’s order denying modification based on some alleged error with the original judgment.
I am also not persuaded by Monica’s suggested interpretation of Section 5 of the Guidelines and Idaho Code section 32-709(1).
Idaho Code section 32-709(1) provides: “The provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of a substantial and material change of circumstances.” I.C. § 32-709(1) (emphasis added). “The party petitioning for the modification bears the burden of proving that a substantial and permanent *942 change has occurred.” Evans v. Sayler, 151 Idaho 223, 226, 254 P.3d 1219, 1222 (2011).
[W]hether a change in conditions is “material” or “substantial” depends upon the impact of the change upon the child---[T]he best interests of the child must take precedence in any analysis regarding a material change in circumstances. Likewise, the trial court must not only look to the substantial and permanent nature of any change in conditions proved by the proponent, but also thoroughly explore the ramifications of any such change vis-a-vis the children’s welfare.
Id. (citations omitted) (internal quotation marks omitted). “The decision whether to modify an order of child support because of a substantial and material change of circumstances is within the sound discretion of the trial court and will not be disturbed on appeal unless a manifest abuse of discretion is shown.” Id. (quoting Noble v. Fisher, 126 Idaho 885, 888, 894 P.2d 118, 121 (1995)).
To avoid the application of Idaho Code section 32-709(1), Monica offers various exceptions to the statute. I am convinced, however, that the legislature intended to enact a single, exclusive standard for child support modification.
The legislature’s enactment of a specific standard in Idaho Code section 32-709(1) to allow modification of child support indicates its intent to provide for only one standard. “The objective of statutory interpretation is to give effect to legislative intent.” State v. Doe, 156 Idaho 243, 246, 322 P.3d 976, 979 (2014) (quoting State v. Yzaguirre, 144 Idaho 471, 475, 163 P.3d 1183, 1187 (2007)). Statutory interpretation begins with the plain language of the statute. Pocatello v. State, 145 Idaho 497, 500, 180 P.3d 1048, 1051 (2008). Here, Idaho Code section 32-709(1) provides: “The provisions of any decree respecting maintenance or support may be modified ... only upon a showing of a substantial and material change of circumstances.” I.C. § 32-709(1) (emphasis added). Based on this plain language, the legislature’s use of the word “only” unambiguously indicates the legislature’s intent to provide the single, exclusive standard for modification. The Court cannot create a public policy exception or apply an equitable remedy in light of this unambiguous statute.
Similarly, Section 5 of the Guidelines does not allow Monica to circumvent the requirement of a substantial and material change in circumstances in Idaho Code section 32-709(1). Section 5 provides:
The amount of child support provided for under these Guidelines may constitute a substantial and material change of circumstances for granting a motion for modification for child support obligations. A support order may also be modified to provide for health insurance not provided in the support order.
Idaho Child Support Guidelines (I.C.S.G.) § 5. Monica argues that Section 5 provides for a substantial and material change in circumstances any time there is a disparity between the child support ordered by the trial court and the child support recommended by the Guidelines — even if that disparity existed at the time the trial court ordered the child support.
I decline to read Section 5 in a manner that renders Idaho Code section 32-709(1) obsolete. Idaho Code section 32-709(1) is essentially nullified by adopting Monica’s proposed interpretation. Under Monica’s interpretation, a party can return to court at any time to modify the amount of child support if that amount differs from the award recommended under the Guidelines. According to Monica, that disparity in and of itself is the substantial and material change in circumstances under Idaho Code section 32-709(1). This ability to modify child support without an actual change in circumstances plainly conflicts with Idaho Code section 32-709(1).
Contrary to Monica’s proposed interpretation, Section 5 does not allow a party to modify an award of child support without a substantial and material change in circumstances. Here, Monica and Christopher, with the representation and advice of counsel, entered into a private agreement to resolve their child custody and child support dispute. Because the parties were represented by counsel, it must be assumed that the attorneys informed their clients of the *943 Guidelines and the amount of child support recommended under the Guidelines. As found by the magistrate court, Christopher agreed to less visitation with the children in exchange for a lower child support payment, and Monica agreed to less child support in exchange for more custodial time with the children. After this private agreement was in place, Monica objected to Christopher’s motion to modify the judgment to alter the visitation schedule. She argued that there was no substantial and material change in circumstances. Now Monica wishes to modify the judgment to receive an increase in child support without altering the visitation schedule. Rather than a substantial and material change in circumstances, Monica’s reason for modification is simply that she has changed her mind on the terms of the private agreement. The magistrate court did nothing to create this agreement or dictate its terms. I believe that the Court should reject Monica’s proposed interpretation of Section 5 and decline to apply it to her motion for modification.
To be sure, I recognize and appreciate the policy concerns expressed in the majority opinion. But they do not apply here. There is a distinguishing factor between this case and the run of the mill divorce case. In this case, there is no evidence in the record that the children are not being adequately taken care of by their parents. There is no evidence of financial hardship. There is no evidence that the children are deprived of the necessities. If there were such evidence, that may be a substantial and material change in circumstances to permit modification. But, in the absence of such evidence, there is no statutory basis for the Court to modify the award of child support. Moreover, there is no public policy basis, as submitted by this Court in the majority opinion, to void the original judgment because the evidence indicates that the children in this case are financially supported by their parents, despite the fact that Christopher pays only fifty dollars a month in child support. The parents entered into a private agreement for child support, child custody, and property division. This Court is not free to modify that agreement absent evidence of a substantial and material change in circumstances — which could include financial hardship on the children, but the Court was not presented with that issue here. In this case, after the parties reached an agreement that substantially benefited Monica, she simply changed her mind regarding the child support for no other reason demonstrated in the record, moving to modify the child support. I agree with the magistrate and the district judge, both of whom felt there was no justification for such modification and denied her motion.

. I.R.C.P. 60(b) states:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than six (6) months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) *941 does not affect the finality of a judgment or suspend its operation. Such motion does not require leave from the Supreme Court, or the district court, as the case may be, as though the judgment has been affirmed or settled upon appeal to that court. This rule does not limit the power of a court to: (i) entertain an independent action to relieve a party from a judgment, order or proceeding, or (ii) to set aside, as provided by law, within one (1) year after judgment was entered, a judgment obtained against a party who was not personally served with summons and complaint either in the state of Idaho or in any other jurisdiction, and who has failed to appear in said action, or (iii) to set aside a judgment for fraud upon the court.