(June 17, 1901.)'

## STATE v. DAVIS.

[65 Pac. 429.]

CERTIFICATE OF PROBABLE CAUSE—DENYING SAME.—An application-
for a certificate of probable cause for an appeal from an order de-
nying a new trial is not authorized, and should be refused, where
the record upon such appeal shows that the application for such
new trial was made more than three years after the judgment,.
and not within the time required by the statutes for making such
application.

(Syllabus by the Court.)

Ex parte application for certificate of probable cause.

Hawley & Puckett, for Appellant.

No brief filed.

No appearance for State.

Per CURIAM.—This is an *ex parte* application made by the
appellant for a certificate of probable cause for an appeal from
an order made by the district court on the twenty-fifth day of
April, 1901, denying the application and motion of the de-
fendant for a new trial.   This application is made for the pur-
pose of obtaining stay of execution.   The record upon this ap-
peal, as well as the records of this court, show the following
state of facts: That in April, 1897, information was filed
against the appellant in the district court of the fourth judicial
district in and for Cassia county, charging appellant with the
murder of one John C. Wilson, and upon trial upon said in--
formation, at the April term, 1897, of said district court, the
appellant was convicted of murder in the first degree, and on
the twenty-fourth day of April, 1897, the defendant was, by
judgment then rendered and entered, sentenced to be hanged..
Thereafter said appellant moved for a new trial, which motion
was denied by the judge of said court, and thereafter the ap-
pellant appealed to this court from the order denying him a new
trial, and from the judgment of conviction.   On the fifteenth

day of June, 1898, this court rendered its decision affirming the order denying a new trial, and affirming the judgment against appellant. (*State v. Davis,* 6 Idaho, 159, 53 Pac. 678.) Thereafter the appellant filed a petition for a rehearing in this court, which was denied. Afterward appellant made application to the United States district judge in and for the district of Idaho for a writ of *habeas corpus,* which, being denied, he appealed to the circuit court of appeals in and for the ninth judicial circuit, where the order of the United States district judge denying defendant's application for a writ of *habeas corpus* was affirmed. (*Davis v. Burke,* 38 C. C. A. 299, 97 Fed. 501.) Thereafter the petitioner applied to the United States circuit court of the ninth judicial circuit, in and for the district of Idaho, for a writ of *habeas corpus,* which was denied, whereupon he appealed from the order denying his application to the supreme court of the United States, and the said supreme court of the United States affirmed the action of the said circuit court in denying the application for a writ of *habeas corpus.* (*Davis v. Burke,* 179 U. S. 399, 21 Sup. Ct. Rep. 210, 45 L. ed., 249.) By virtue of appeals, by reprieve issued by the governor of the state of Idaho, and by orders staying execution, the execution of said judgment has been delayed from April 24, 1897, to the present time. On the twenty-fifth day of April, 1901, the district court in and for Cassia county being in regular term, appellant was again brought before the court for resentence, whereupon, through his counsel, he again moved for a new trial upon the ground of newly discovered evidence material to the defendant, and which he could not have discovered with reasonable diligence and produced at the trial, which motion was by the district court overruled and denied, and the defendant was again resentenced, the date of his execution being fixed for June 21, 1901. Appellant now asks that the justices, or one of them, of this court, sign a certificate in the following words, after entitling court and cause: "I, ——, justice of the supreme court of the state of Idaho, do hereby certify that, in my opinion, there is probable cause for the appeal taken in the above-entitled case from the order of the said district court denying

defendant's application for a new trial herein made on April 26, 1901; said appeal having been perfected and the transcript therein having heretofore been filed in the supreme court of the state of Idaho. ———."

In order to inform ourselves of the status of this matter, we have carefully examined the transcript upon appeal from the order made by the district court on the twenty-fifth day of April, 1901, denying the defendant's application for a new trial, and find the facts as hereinbefore stated shown by the record. The record shows that the motion for a new trial was made about four years after the verdict of the jury against the defendant. An appeal from an order of this kind is statutory, and under the express provisions of section 7953 of the Revised Statutes, "the application for a new trial may be made before or after judgment; and must be made within ten days after verdict, unless the court or judge extends the time." This court has repeatedly held that an appeal from an order denying a motion for a new trial will be dismissed upon motion where it appears from the record that the application for a new trial was not made within ten days, and no extension of time for making the same has been granted by the court or judge. (See *State v. Smith,* 5 Idaho, 291, 48 Pac. 1060; *State v. Dupuis,* ante, p. 614, 65 Pac. 65; and *State v. Rice,* ante, p. 762, 66 Pac. 87, the two latter cases decided at the recent May term.) The ruling in these three cases is based upon the idea that, unless the application for a new trial is made within the time prescribed by the statute, the district court or judge thereof has no jurisdiction to entertain the same, and for this reason this court has no jurisdiction to reverse an order denying a new trial in such case. It must necessarily follow that no justice of this court has any authority to grant the certificate demanded by the appellant upon this application. This cause has passed beyond the jurisdiction of the district court, except for the purpose of carrying the judgment into execution, and this court, by reason of the decision in the former appeals herein, must regard the matters involved here as *res judicata.* For the foregoing reasons, this application must be, and is, denied.