(May 12, 1919.)

BENJAMIN C. HAMMITT, Respondent, v. VIRGINIA MINING COMPANY, a Corporation, Appellant.

[181 Pac. 336.]

PLEADING — COMPLAINT IN ACTION TO QUIET TITLE — ALLEGATION OF OWNERSHIP—PRINCIPAL AND AGENT—APPARENT AUTHORITY—BENEFITS, RETENTION OF—ESTOPPEL—EVIDENCE.

1. In an action to quiet title, an allegation in ordinary and concise terms of the ultimate fact that the plaintiff is the owner of the property is sufficient, without setting out probative facts which go to establish that ultimate fact, and an allegation that the defendant claims an adverse estate or interest is sufficient, without further defining it, to put him to a disclaimer or to allegation and proof of the estate or interest which he claims.

2. When a principal clothes an agent with apparent authority, his acts thereunder govern mutual rights and liabilities as between such principal and third persons, and the principal is estopped to deny such authority.

3. Where one, without collusion or fraud, deals with a corporation through an officer who is in the active management of its business, if the act done by said officer is one which the corporation might do, it will be estopped from relying upon any lack of authority in said officer as a defense against the rights of the party so dealing with the corporation.

4. A principal who seeks to retain a benefit derived from the fraudulent or unauthorized act of his agent is chargeable with the instrumentality thus employed, and will not be permitted to disclaim the responsibility flowing therefrom.

5. When a plaintiff has properly plead his case in his complaint, he may take advantage of any affirmative matter which would tend to avoid any affirmative defense plead in defendant's answer, as fully as if he were permitted to specifically plead his matter defensive thereto by way of replication.

6. In an action to quiet title, wherein the defendant has affirmatively plead an interest in the property, derived from an alleged option, a subsequent option given between the parties litigant, for the same property, is admissible under the issues raised by the pleadings to rebut defendant's contention that payments actually made under the second option should have been credited on the option plead in the answer, and as tending to show that all of the parties had treated the option plead in the answer as forfeited.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Wm. W. Woods, Judge.

Action to quiet title. Judgment for plaintiff. *Affirmed.*

S. S. Gundlach and Joseph F. Morton, for Appellant.

It was necessary for Hammitt to set forth and allege the facts constituting his ownership in the property. Without such fact being alleged, a mere conclusion that plaintiff Hammitt is the owner fails to constitute a cause of action and failed to advise this appellant of plaintiff's interest. (*Bingham County v. Woodin,* 6 Ida. 284, 55 Pac. 662; *Holton v. Sandpoint Lumber Co.,* 7 Ida. 573, 64 Pac. 889; *Byington v. Commissioners of Saline Co.,* 37 Kan. 654, 16 Pac. 105; *Kelly v. Perrault,* 5 Ida. 221, 48 Pac. 45; *Ollis v. Orr,* 6 Ida. 474, 56 Pac. 162; *Lowman v. West,* 8 Wash. 355, 36 Pac. 258.)

The supreme court of Idaho has laid down the rule that the plaintiff must state the facts in his complaint, on which he intends to rely, to determine his title. (*Fry v. Summers,* 4 Ida. 424, 39 Pac. 1118.)

James A. Wayne and H. E. Worstell, for Respondent.

In an action to quiet title it is no longer necessary for a plaintiff to set out specifically the character of his own title, or of the alleged title of the defendants; it is always sufficient

simply to allege that plaintiff is the owner and in possession of the property, describing it, and that the defendants are unlawfully asserting a claim thereto adverse to him. (17 Ency. of Pl. & Pr. 328; *Ely v. New Mexico & A. R. Co.,* 129 U. S. 291, 9 Sup. Ct. 293, 32 L. Ed. 688, see, also, Rose's U. S. Notes; *Union Mill & M. Co. v. Warren,* 82 Fed. 519; *Stockton v. Oregon Short Line R. Co.,* 170 Fed. 627; *New Jersey & N. C. Land & L. Co. v. Gardner etc. Lumber Co.,* 178 Fed. 772, 102 C. C. A. 220; *Rose v. Richmond Min. Co.,* 17 Nev. 25, 27 Pac. 1105; *Cooper v. Birch,* 137 Cal. 472, 70 Pac. 291; *Payne etc. v. Treadwell,* 16 Cal. 220; *Rough v. Simmons,* 65 Cal. 227, 3 Pac. 804; *Statham v. Dusy* (Cal.), 11 Pac. 606; *Heeser v. Miller,* 77 Cal. 193, 19 Pac. 375; *Schlageter v. Gude,* 30 Colo. 310, 70 Pac. 428; *Parker v. Conrad,* 74 Kan. 111, 85 Pac. 810; *Davis v. Crump,* 162 Cal. 513, 123 Pac. 294.)

BUDGE, J.—This is an action to quiet title to an undivided one-sixth interest in the Virginia Lode Mining Claim in Shoshone county. The case was tried to the court without a jury. The court found the facts in favor of respondent, and entered judgment quieting title in him as prayed in the complaint. This appeal is from the judgment.

The court overruled appellant's general demurrer to the complaint. This ruling is assigned as error. The complaint alleges in substance that respondent is the owner and in possession of the property, describing it, an unpatented mining claim; that appellant asserts a claim and interest or interests therein adverse to him; that such claim is without any right whatsoever, and that the appellant has no estate, right, title or interest in the premises, and prays that he be required to set forth the nature of his claim, that all adverse claims be determined by a decree of the court, and that it be decreed that respondent is the owner of the premises and that appellant has no estate or interest therein, and that he be forever debarred from asserting any claim therein adverse to respondent.

That the court did not err in overruling the demurrer is apparent from the following rule, stated by the supreme court of the United States:

"An allegation, in ordinary and concise terms, of the ultimate fact, that the plaintiff is the owner in fee, is sufficient, without setting out matters of evidence, or what have been sometimes called probative facts, which go to establish that ultimate fact; and an allegation that the defendant claims an adverse estate or interest is sufficient, without further defining it, to put him to a disclaimer, or to allegation and proof of the estate or interest which he claims, the nature of which must be known to him, and may not be known to the plaintiff." (*Ely v. New Mexico & Arizona R. R. Co.*, 129 U. S. 291, 9 Sup. Ct. 293, 32 L. Ed. 683, see Rose's U. S. Notes.)

To the same effect see *Pettengill v. Blackman*, 30 Ida. 241, 164 Pac. 358; *Fry v. Summers*, 4 Ida. 424, 39 Pac. 1118; 17 Ency. Pl. & Pr. 328; 32 Cyc. 1351; *Union Mill & Mining Co. v. Warren,* 82 Fed. 519; *Stockton v. Oregon Short Line R. Co.*, 170 Fed. 627; *New Jersey & N. C. Land & Lumber Co. v. Gardner-Lacy Lumber Co.*, 178 Fed. 772, 102 C. C. A. 220; *Payne & Dewey v. Treadwell*, 16 Cal. 220; *Rough v. Simmons*, 65 Cal. 227, 3 Pac. 804; *Statham v. Dusy* (Cal.), 11 Pac. 606; *Heeser v. Miller*, 77 Cal. 193, 19 Pac. 375; *Davis v. Crump*, 162 Cal. 513, 123 Pac. 294; *Schlageter v. Gude*, 30 Colo. 310, 70 Pac. 428; *Parker v. Conrad*, 74 Kan. 111, 85 Pac. 810.

The second, third and fourth assignments of error attack the findings of fact. The record shows that the findings are clearly supported by the evidence, from which it appears that on May 14, 1913, respondent gave Patrick Burke an option on the property in question, which he later assigned to the Virginia Mining Company, appellant. The terms of this option are not material, so far as the disposition of this case on appeal is concerned, for the reason that both the company and Burke failed to comply therewith; it was forfeited, and a new option was given direct to the Virginia Mining Company on January 14, 1916, for a total consideration of $6,500, $500 to be paid upon the execution of the option, $500 on January

22, 1916, and $5,500 on May 14, 1916. The first two payments were made in accordance with the foregoing terms, but the final payment was never made, and all rights which the appellant had acquired under this latter option expired. (*Virginia Mining Co. v. Haeder, ante,* p. 240, 181 Pac. 141.)

The fifth assignment, that the court erred in making certain conclusions of law, does not merit a detailed discussion. The conclusions follow logically from the facts found by the court. The same is true of the sixth assignment predicating error upon the entering of the decree.

The seventh assignment of error attacks the ruling of the court in admitting in evidence Respondent's Exhibit "D," which is the second option contract of January 14, 1916, the contention of appellant being, first, that it was not admissible under the pleadings, and, second, that it was entered into without authority from the Virginia Mining Company and was not binding on it.

As to the latter contention, it need only be said that this contract was entered into by Burke as president and Morton as secretary of the company, acting ostensibly in its behalf and with apparent authority, Burke having acted for the company during all of the previous transactions. Since the company had thus clothed Burke and Morton with apparent authority to procure this second option, such authority governs the mutual rights and liabilities growing out of the transaction between the company as principal and the respondent as a third party, and the company is estopped to deny such authority. (*Pettengill v. Blackman, supra; Amonson v. Stone,* 30 Ida. 656, 167 Pac. 1029; *Hudson v. Carlson,* 31 Ida. 196, 170 Pac. 100.)

Moreover, the taking of the second option was an act which the Virginia Mining Company, a corporation, might do, which clearly appears from the fact that the company's whole claim in the premises depends upon a similar option previously taken by assignment from Burke, and upon which the company relies to establish its alleged adverse interest.

"Where one without collusion or fraud deals with a corporation through an officer who is in the active management

of the business, if the act done by said officer of the corporation is one which the corporation might do, the corporation will be estopped from relying upon any lack of authority in said officer as a defense against the rights of the party so dealing with the corporation." (*Pettengill v. Blackman, supra.*)

There is nothing in the record to show that Hammitt in giving the second option, as he supposed, at least, to the Virginia Mining Company, was not acting in good faith or was aware of any defect of authority on the part of Burke and Morton to act for the company, if any such defect in fact existed.

Furthermore, it appears from the evidence that the company, through its president and secretary, paid money under the terms of the second option, and sought to have it credited to it under the first option. A principal who seeks to retain a benefit derived from the fraudulent or unauthorized act of his agent is chargeable with the instrumentality thus employed, and will not be permitted to disclaim responsibility flowing therefrom, and to claim or retain the fruits of the transaction. (*Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481.)

It therefore follows, as to the first contention, that since respondent's complaint had plead all of the facts which a complaint in an action to quiet title is required to set forth, the exhibit was admissible to rebut appellant's contention that any payments which had actually been made under this second option should have been credited upon the first option, which was plead in the answer. Moreover, it tended to show that all of the parties had treated the option plead in the answer as forfeited. If the first option had not expired, and the company's and Burke's rights had not become forfeited, why was it necessary to take a second option? Under such circumstances, the rule is that:

"The plaintiff may take advantage of any affirmative matter which would tend to avoid the affirmative matter set forth in the defendant's answer as fully as if he were per-

mitted to specifically plead his matter defensive thereto'' by replication. (*Pettengill v. Blackman, supra.*)

We find no reversible error in the record. The judgment is affirmed. Costs are awarded to respondent.

Morgan, C. J., concurs.

Rice, J., did not sit with the court nor participate in the opinion in this case.