794 P.2d 1142

Troy THIEL, a married man dealing with his sole and separate property; and Nancy Basler, a married woman dealing with her sole and separate property, Plaintiffs–Respondents,

v.

Don STRADLEY and Dora Stradley, husband and wife, Defendants–Appellants.

No. 18126.

Supreme Court of Idaho.

July 20, 1990.

Don Stradley, Arco, pro se, appellant.

William G. Carlson, Arco, for plaintiffs-respondents.

BAKES, Chief Justice.

This is an appeal from a district court order denying appellant Don Stradley's motion to "withdraw and/or dismiss" a default judgment.

In February of 1981, Don and Dora Stradley purchased a parcel of real property and a mobile home from Troy Thiel and his wife, Nancy Basler (respondents), pursuant to an escrowed agreement of sale. The Stradleys became delinquent on the payments, and respondents caused the bank to serve a notice of default.

In September of 1986, respondents filed a complaint in district court seeking a foreclosure on the real and personal property in the contract. On October 13, 1986, Dora Stradley was served with a summons and complaint at the Four Winds Bar in Butte City, Idaho, according to the sheriff's return of service. The record does not contain a sheriff's return of service for Don Stradley, and appellant alleges that he was not personally served with the summons and complaint. However, a default was entered against both defendants on December 10, 1986, by the clerk of the district court. On August 18, 1987, the district court entered a default judgment and decree of foreclosure against the Stradleys, later modified on October 27, 1987. The mobile home and real property were sold pursuant to the decree of foreclosure.

On April 7, 1989, nearly eighteen months after the modified judgment was entered, appellant Don Stradley filed a *pro se* motion to "withdraw and/or dismiss" the judgment on the basis that he had not been personally served with the summons and complaint, as required by I.R.C.P. 4(d)(2). Defendant Dora Stradley did not join in that motion. A hearing was held on the motion at which appellant Don Stradley appeared *pro se*. The district court denied the motion to withdraw and/or dismiss the judgment, stating in a minute entry order that the "record shows service was properly made." Don Stradley appeals from this ruling.

Appellant contends on appeal that the district court erred in denying his motion to set aside the default judgment, contending that the record demonstrates that he was not personally served with process, and therefore the judgment against him is void.[1]

Under Rule 60(b)(4) of the Idaho Rules of Civil Procedure, a default judgment may be set aside when that judgment is found to be void. Generally, where a party has not been served with process or was improperly served with process, any judgment against such party is void. *Wells v. Valley Natl. Bank of Arizona,* 109 Ariz. 345, 509 P.2d 615 (1973). As we noted in *Garren v. Rollis,* 85 Idaho 86, 375 P.2d 994 (1962):

> Under the due process clause of the Constitution of the United States, a personal judgment rendered without service of process on, or legal notice to, a defendant, in the absence of a voluntary appearance or waiver is void, and not merely voidable.

85 Idaho at 90, 375 P.2d at 996. Thus, a default judgment taken in an action where service of process was not made, or improperly made, is void and may be vacated pursuant to I.R.C.P. 60(b)(4). Our first inquiry thus focuses on whether service of process was proper as to Don Stradley.

---

1. Stradley's *pro se* brief on appeal also argues that the service was improper as to his wife Dora, claiming that she was served outside the Four Winds Bar while in an inebriated condition, and therefore she was "incompetent" to receive such service of process. We need not address that allegation in this case since the motion to set aside the judgment was filed only by the defendant Don Stradley, not the defendant Dora Stradley, and therefore the issue of her "competence" to receive service of process is not raised.

■ I.R.C.P. 4(d)(2) sets forth the requirements for service on individuals. That rule provides:

**Service upon individuals.**—Upon an individual other than those specified in subdivision (3) of this rule, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person over the age of eighteen (18) years then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Under this rule, service is to be made on the defendant either (1) personally, or (2) by leaving copies of the summons and complaint at his dwelling house or usual place of abode with some person over eighteen residing there, or (3) by delivering a copy of the summons and complaint to "an agent authorized by appointment or by law to receive service of process."

Here, there is no return of service in the record for Don Stradley showing service of a copy of the summons and complaint on Don Stradley either personally or by leaving copies at his dwelling or usual place of abode with some person over age eighteen.[2] While service on Dora Stradley was accomplished, that would not constitute service on Don Stradley unless Dora Stradley were found to be an "agent authorized by appointment or by law to receive service of process."

The cases dealing with agency by appointment indicate that an actual appointment for the specific purpose of receiving process is expected. *Smith v. Western Offshore, Inc.*, 590 F.Supp. 670 (D.C.La. 1984); *Polo Fashions, Inc. v. B Bowman & Co.*, 102 F.R.D. 905 (D.C.N.Y.1984); 4A Wright & Miller, Fed. Practice & Procedure § 1097 (1987). The record does not support a claim that Dora Stradley had been appointed to receive service of process for Don Stradley.

With respect to an agent authorized by law, the term "law" is not defined in the rule. However, several decisions indicate that the term refers to an agent authorized by legislative enactment to receive process, rather than one authorized by common law doctrine, estoppel or agency agreement. 4A Wright & Miller, Fed. Practice & Procedure § 1098 (1987). We are cited to no authority holding that Dora, merely by virtue of being married to Don, is to be considered an agent authorized by law, and therefore service on Dora Stradley did not constitute service on Don. We thus conclude that on this record the trial court erred in concluding that service on Don Stradley was "properly made."

■ However, this does not end our inquiry. Under Rule 60(b), motions have to be made within certain specified time limits. Under Rule 60(b)(4) a litigant has a "reasonable time" within which to bring a motion to set aside a void judgment. *Harter v. Products Management Corp.*, 117 Idaho 121, 785 P.2d 685 (Ct.App.1990). The record before us is silent as to whether Don Stradley's motion was made within a reasonable time, probably because the trial court found that service was properly made, thereby precluding the consideration of this issue. The question of reasonableness is ordinarily a question of fact to be resolved by the trier of fact after both parties have had an opportunity to try this issue. We therefore vacate the trial court's order denying appellant's motion to "withdraw and/or dismiss" the default judgment against appellant Don Stradley only, and remand the matter to the district court for further proceedings on appellant's motion not inconsistent with this opinion.

Costs to appellant. No attorney fees on appeal.

BISTLINE, JOHNSON, BOYLE and McDEVITT, JJ., concur.

---

2. While the record offers some indication that Dora Stradley occasionally visited the Four Winds Bar, we cannot say that such establishment was Don Stradley's "usual place of abode" within the meaning of Rule 4(d)(2).