961 P.2d 1198

**Barbara DAVIS, Plaintiff–Appellant,**

v.

**Carol PARRISH, Defendant–Respondent.**

**No. 23358.**

Supreme Court of Idaho,
Twin Falls, March 1998 Term.

July 1, 1998.

Grover & Archibald, Rigby, for appellant. Blair Grover argued.

Dunn & Clark, Rigby, for respondent. Robin D. Dunn argued.

JOHNSON, Justice.

This is an independent action to set aside a quiet title judgment. We conclude that the action is not barred by res judicata, that it was brought within a reasonable time, but that the trial court correctly granted summary judgment dismissing the claim.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Barbara Davis (Davis) and Carol Parrish (Parrish) are half sisters. In 1987, as co-personal representatives of their father's estate, Davis and Parrish conveyed to themselves undivided one-half interests in two parcels of real property (the property) that their father had owned. In October 1993, Parrish sued Davis seeking a quiet title decree declaring that Parrish owned the property free of any interest of Davis. Among other allegations, Parrish alleged that: (1) she owned an undivided one-half interest in the property and possessed all the property, (2) she had paid all of the real property taxes on the property, (3) Davis had no right, estate, title, lien, or interest in or to the property, and (4) the status of the title to the property constituted a cloud on Parrish's title to the property.

In an affidavit in support of a request to serve Davis by publication, Parrish stated that: (1) she and Davis, her half sister, received the property from their deceased father, (2) Davis's whereabouts were unknown to Parrish, (3) Parrish had performed police checks and searches for Davis in Idaho, Oregon, and Minnesota and a fifty-state social

security check, without success in locating Davis, and (4) Parrish had paid the taxes since receiving the property. After finding good cause, the trial court allowed Parrish to serve Davis by publication. When Davis did not appear within the time allowed for response to the quiet title suit, the clerk of the trial court entered default. In December 1993, the trial court entered a decree (the decree) quieting title in Parrish.

Davis first learned of the decree in February 1996. In April 1996, Davis filed an independent action under rule 60(b) of the Idaho Rules of Civil Procedure (I.R.C.P.) seeking relief from the decree. The trial court granted summary judgment dismissing Davis's suit on the grounds that it was not brought within a reasonable time, did not establish sufficient grounds for relief, and was barred by res judicata. Davis appealed.

## II.

### DAVIS'S SUIT IS NOT BARRED BY RES JUDICATA.

Davis asserts that her suit is not barred by res judicata. We agree.

In *Compton v. Compton*, 101 Idaho 328, 612 P.2d 1175 (1980), the Court recognized that I.R.C.P. 60(b) specifically preserves the following three means of attacking a final judgment: (1) to entertain an independent action to relieve a party from judgment; (2) to challenge, within one year, a judgment entered against a party not served personally and who defaulted; and (3) to set aside a judgment for fraud upon the court. *Id.* at 333–34, 612 P.2d at 1180–81.

■ To the extent that the trial court relied on res judicata in dismissing Davis's suit, the trial court was incorrect. Claims brought under I.R.C.P. 60(b) are not barred by res judicata because they are one of the recognized "avenues ... for attacking a judgment." *Compton*, 101 Idaho at 333, 612 P.2d at 1180.

## III.

### DAVIS'S SUIT WAS TIMELY.

Davis asserts that her suit was timely. We agree.

■ This Court has ruled that an independent action under I.R.C.P. 60(b) may be brought within a reasonable time. *Compton*, 101 Idaho at 334, 612 P.2d at 1181 (citing *Gregory v. Hancock*, 81 Idaho 221, 227, 340 P.2d 108, 111 (1959)).

■ "The question of reasonableness is ordinarily a question of fact to be resolved by the trier of fact. ..." *Thiel v. Stradley*, 118 Idaho 86, 88, 794 P.2d 1142, 1144 (1990). It is undisputed that Davis did not have notice of the decree quieting title in Parrish until January 1996. The trial court incorrectly focused on Davis's actions before the quiet title action commenced, her lack of involvement in the property, and her failure to justify the delay in pursuing this action. Instead, it should have focused on Davis's conduct from January 1996, when she had notice of the quiet title decree, to April 1996, when she filed this action. Considering this lapse of time, Davis's suit was brought within a reasonable time.

## IV.

### THE TRIAL COURT CORRECTLY GRANTED SUMMARY JUDGMENT.

Davis asserts that there was fraud on the court justifying relief under I.R.C.P. 60(b). We conclude that the trial court correctly granted summary judgment dismissing Davis's claim.

In *Compton*, the Court stated that an independent action seeking to set aside a judgment because of fraud upon the court requires "more than interparty misconduct, and, in Idaho, has been held to require more than perjury or misrepresentation by a party or witness, even where the misrepresentation was made to establish the court's jurisdiction." 101 Idaho at 334, 612 P.2d at 1181. *Compton* also noted that fraud upon the court "will be found only in the presence of such tampering with the administration of justice as to suggest a wrong against the institutions set up to protect and safeguard the public." *Id.* (internal citations omitted).

Davis contends that Parrish did not exercise due diligence in attempting to locate her and that the publication of the summons was void. The trial court determined that Parrish had good cause for publication of service in its order on the basis of Parrish's motion and affidavit in which Parrish outlined her attempts to locate Davis. The trial court noted that Davis's allegation that Parrish misled the court into allowing service by publication lacked merit because of the searches that Parrish performed, which concentrated on states in which Parrish believed Davis to be living. There is no basis for a claim of fraud on the court connected with Parrish's attempt to locate Davis.

Davis contends that Parrish's failure to disclose in the petition to quiet title that the parties were half sisters and cotenants was fraud on the court because if the cotenancy had been disclosed, the court would have insisted on evidence justifying a cotenant quieting title against another cotenant, and the court would have determined that the petition to quiet title lacked a legal basis. We note that Parrish's affidavit in support of her request to serve Davis by publication stated: "[Parrish] received, through her deceased father, the real property described herein along with a half-sister, ... [Davis]...." By this statement, the trial court was informed of both the family relationship of Davis and Parrish and that they had received some form of common ownership of the property from their father. Therefore, there is no basis for Davis's contention that Parrish was guilty of fraud on the court because of a lack of disclosure of these facts.

Davis contends that the petition to quiet title failed to state both a factual and legal basis for relief. Because of Davis's default, however, the allegations contained in the quiet title claim are deemed admitted. These admissions provided the necessary factual basis for the decree. In *Hammitt v. Virginia Mining Co.*, 32 Idaho 245, 248, 181 P. 336, 337 (1919), the Court discussed the necessary proof for quieting title and concluded:

An allegation, in ordinary and concise terms, of the ultimate fact, that the plaintiff is the owner in fee, is sufficient, without setting out matters of evidence, or what have been sometimes called probative facts, which go to establish that ultimate fact; and an allegation that the defendant claims an adverse estate or interest is sufficient, without further defining it, to put him to a disclaimer, or to allegation and proof of the estate or interest which he claims....

In *Woll v. Costella*, 59 Idaho 569, 573, 85 P.2d 679, 680 (1938), the Court noted that "[u]nder a general allegation of ownership proof may be made of the title by adverse possession." The complaint in that case alleged ownership; actual, adverse, open, notorious, continuous, uninterrupted and peaceable possession for more than thirty years; and payment of taxes. In *Edgeller v. Johnston*, 74 Idaho 359, 262 P.2d 1006 (1953), the Court again discussed the requirements for pleading a quiet title action, stating: "The complaint alleged in ordinary and concise language the necessary ultimate facts of ownership, possession, payment of taxes and adverse claim." *Id.* at 364, 262 P.2d at 1009. The complaint in *Edgeller* alleged ownership, payment of taxes, and actual, adverse, open, notorious, continuous, peaceable and exclusive occupation and possession of the property for more than twenty-one years. *Id.*

In the present case, Parrish's petition to quiet title does not assert ownership of both parcels. Instead, she states that she has an undivided one-half interest and possesses all of the real property described, has paid all property taxes, and that Davis's interest in the property is adverse to her interest. Parrish satisfied the pleading requirements of possession, adverseness, and payment of taxes. She did not allege that she was the "owner in fee" as required by *Hammitt*, *Woll*, and *Edgeller*. Therefore, her claim was not sufficient to quiet title in the property, and there was no legal basis for the decree. Nevertheless, even though the petition to quiet title was not legally sufficient, there was no fraud upon the court.

Davis contends that the allegation in the petition to quiet title that Parrish paid all of the real property taxes created the impli-

cation that Parrish did so at her own expense when, in fact, the taxes were paid from the proceeds of the sale of the first parcel. Although Davis could have disputed whether Parrish personally paid the taxes in the quiet title action, this statement does not constitute fraud upon the court.

 Davis contends that Parrish's allegation in the petition that Davis's "claim is without any right whatever; Defendant has no right, estate, title, lien or interest in or to the property; or any part thereof" is a false and fraudulent statement because Davis and Parrish had identical interests—undivided half-interests in the two parcels. Parrish petitioned to quiet title to both parcels in herself for the purpose of altering their respective interests. Under a general allegation of ownership, proof may be made of the title by adverse possession. *See Woll v. Costella*, 59 Idaho at 573, 85 P.2d at 680. Because Davis did not make an appearance to contest the quiet title claim, Parrish was not required to present evidence to support her claim. Any misrepresentation by Parrish of Davis's interest does not constitute fraud on the court.

 Davis contends that since section 5–508 of the Idaho Code (I.C.) authorizes service by publication only when "a cause of action exists against the defendant," the fact that the petition to quiet title allegedly did not state a cause of action, should have precluded service by publication. Although the petition did not adequately allege ownership, this failure does not constitute fraud on the court.

Finally, Davis contends that because she was not personally served, she had no opportunity to contest Parrish's allegations. This does not establish fraud on the court.

Davis did not present any evidence that created a genuine issue of material fact concerning fraud on the court, and the trial court correctly granted summary judgment in favor of Parrish.

## V.

### CONCLUSION

We affirm the trial court's summary judgment dismissing Davis's claim.

We award Parrish costs on appeal.

 Parrish requested attorney fees on appeal, citing rule 41 of the Idaho Appellate Rules and I.R.C.P. 54 and 65(c). We do not address Parrish's request because she failed to argue or support her request. Under *Smith v. J.B. Parson Co.*, 127 Idaho 937, 945, 908 P.2d 1244, 1252 (1996), we "will not consider on appeal issues which are completely unsupported by argument or authority."

TROUT, C.J., and WALTERS, J., concur.

SILAK, Justice, dissenting.

I concur in Parts I, II, and III of the Court's opinion, but dissent to Parts IV and V, for the following reasons.

I disagree with the Court's rationale for holding that no fraud upon the court was committed by the false statement contained in Parrish's verified "Petition to Quiet Title." Paragraph 5 of the petition states, as to Davis' interest in the property, that "Defendant's claim is without any right whatever; Defendant has no right, estate, title, lien or interest in or to the property, or any part thereof." This statement is false. Davis' interest, indisputably known to Parrish, was that of a co-tenant. Davis had exactly the same interest as Parrish at the time of the filing of the petition, and that fact should have been made known to the district court.

The Court believes that statements made by Parrish in her affidavit seeking the permission of the court to serve Davis by publication cures the false statement made in the petition. A close examination of those statements reveals this is not so. The affidavit states as follows regarding the identity of Davis and any ownership interest she might have:

> [Parrish] received, through her deceased father, the real property described herein along with a half-sister who your affiant never really knew while being raised to the present; your affiant has only met Defendant, Barbara Hayes Tyler, on a few occasions; that her whereabouts are unknown to Plaintiff ..."

This statement does not reveal that the half-sister and Davis (akaTyler) are one and the same. Indeed a fair interpretation would be that Davis and "a half-sister" are different people. Moreover, the statement does not reveal that the half-sister continues to have an interest in the property, nor the exact nature of the interest. The interest is certainly not described as a co-tenancy. Because this statement is vague and uninformative as to both Davis's co-tenancy and her status as Parrish's half-sister, I conclude that it does not inform the district court in the quiet title action of either the familial relationship or the cotenancy or indeed any ownership interest of Davis.

Because I conclude that the false statement about Davis's ownership interest constituted a fraud upon the court, I would remand this case to the district court with instructions to grant Davis' motion for summary judgment.

SCHROEDER, J., concurs.