147 P.3d 86

**Robert A. FLOOD and Katherine A. Flood, husband and wife, David Spiker, a single man, John Spiker, a single man, and William L. Peterson, a single man, Plaintiffs–Respondents,**

v.

**Irwin A. KATZ, Defendant–Appellant,**

and

**M.K. Miller and N.E. Miller, husband and wife, Jane Doe Katz, Bryan D. Miller and Jane Doe Miller, husband and wife, Barry Gill and Jane Doe Gill, husband and wife, International Basic Resources, Inc., an Idaho corporation, B. Stephen Bailey and Jane Doe Bailey, husband and wife, Defendants.**

No. 31957.

Supreme Court of Idaho, Coeur d'Alene, September 2006 Term.

Oct. 26, 2006.

Rude, Jackson & Daugharty, LLP, Coeur d'Alene, for appellant.  Paul W. Daugharty argued.

Winston & Cashatt, Spokane, Washington, for respondent.  Charles Matthew Andersen argued.

SCHROEDER, Chief Justice.

This case involves an effort to set aside a satisfaction of judgment and order of dismissal entered following a mediated settlement of a judgment.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Robert A. Flood and other plaintiffs (collectively "Flood") filed a securities fraud suit against Irwin A. Katz ("Katz"), a current Texas resident, and co-defendants in district court in March 1994. The district judge entered judgment in favor of Flood in December 2002 ordering the defendants to pay $1,158,943 plus interest. Katz appealed the judgment. While the appeal was pending Flood sought to depose Katz. Katz's post-discovery deposition and document production were delayed due to changes in attorneys and procedural difficulties in deposing an out-of-state resident. Although a Texas court ordered that the deposition take place June 18, 2003, the record does not indicate if the deposition took place. While Flood was making deposition arrangements Katz transferred some of his assets into his wife's name in order to prevent or delay collection of the judgment.

The parties met for mediation July 21–22, 2003, at which time the initial judgment with interest was valued at $1,419,119. At the mediation Katz represented to Flood that he could not pay his full share of the judgment and that he may pursue bankruptcy if Flood sought full payment. The parties signed a Mutual Release and Settlement Agreement ("Settlement Agreement") in which Flood agreed to accept $1,012,000 as complete satisfaction of the award and Katz agreed to dismiss his appeal. The Settlement Agreement precluded any further causes of action, known or unknown, in connection with the lawsuit or the agreement. Katz and his co-defendants paid the settlement amount and Flood filed a Satisfaction of Amended Judgment and Stipulation for Dismissal of Action with Prejudice. On September 15, 2003, the district court entered an Order of Dismissal with Prejudice.

In March of 2005 Flood discovered that Katz had transferred assets into his wife's name in order to avoid Flood's collection efforts. Flood filed a motion to set aside the Satisfaction of Judgment and Order of Dismissal pursuant to I.R.C.P. 60(b). Flood served notice of the motion on Katz's attorney of record who argued that he no longer represented Katz. The district court ruled that service on the attorney was adequate because the attorney had not filed a notice of withdrawal after judgment. The district court denied Flood's motion to shorten time in order to allow Katz's attorneys to prepare for the motion to set aside and the attorney's motion to withdraw.

At the hearing on the motion to set aside, the district court raised the issue of fraud upon the court *sua sponte*. The court granted Flood's motion to set aside the Satisfaction of Judgment as to Katz but denied Katz's request to reinstate the appeal and refund the money Katz had paid under the Settlement Agreement. Katz appeals to this Court.

## II.

## STANDARD OF REVIEW

This Court will defer to the district court's findings of fact if they are supported by substantial and competent evidence; however this Court will freely review the conclusions of law reached by stating legal rules and applying them to the facts found.

*Magic Valley Foods, Inc. v. Sun Valley Potatoes, Inc.*, 134 Idaho 785, 788, 10 P.3d 734, 737 (2000) (citing *Great Plains Equip. v. N.W. Pipeline*, 132 Idaho 754, 760, 979 P.2d 627, 633 (1999)).

Whether to grant relief under Idaho Rules of Civil Procedure 60(b) is committed to the discretion of the trial court and will not be disturbed absent an abuse of the court's discretion. In reviewing whether or not a court abused its discretion this Court relies on a three-part test: (1) whether the trial court correctly perceived the issue as discretionary; (2) whether the trial court acted within the boundaries of its discretion

and consistent with the applicable legal standards; and (3) whether the trial court reached its determination through an exercise of reason.

*Campbell v. Kildew,* 141 Idaho 640, 645, 115 P.3d 731, 736 (2005)(citing *Zimmerman v. Volkswagen of Am., Inc.,* 128 Idaho 851, 857, 920 P.2d 67, 73 (1996)).

## III.

## THE DISTRICT COURT ERRED IN DETERMINING THAT THERE WAS FRAUD ON THE COURT

■ The district court raised the issue of fraud on the court *sua sponte.* In *Campbell v. Kildew,* 141 Idaho 640, 646, 115 P.3d 731, 737 (2005), the Court held that the district court could *sua sponte* set aside a judgment under its inherent power which is specifically preserved in Rule 60(b). In considering the issue there is a balance between the interests of finality of actions and the "unsavory spectacle" of the law aiding one who acts fraudulently. *Compton v. Compton,* 101 Idaho 328, 335, 612 P.2d 1175, 1182 (1980).

■ Motions to set aside a judgment are governed by equitable principles and "will only be granted in the most unusual of circumstances." *Campbell,* 141 Idaho at 649, 115 P.3d at 740. A motion to set aside should not be used to "remedy the inadvertence or oversight of one of the parties to the original action. It will lie only in the presence of an extreme degree of fraud." *Compton,* 101 Idaho at 335, 612 P.2d at 1182. The circumstances in *Compton* are certainly as egregious as the facts in this case. *Campbell* states that fraud alleged under the inherent power of the court preserved in Rule 60(b) must be such that "a party is prevented by trick, artifice, or other fraudulent conduct from fairly presenting his claims or defenses or introducing relevant and material evidence." 141 Idaho at 649, 115 P.3d at 740, citing *Compton,* 101 Idaho at 334, 612 P.2d at 1181.

In *Campbell* the parties had set up a sham arbitration in order to circumvent the subdivision process. *Id.* The Court held that the district court had not abused its discretion in finding that there had been a fraud on the

court. *Id.* Factually, the case before the Court is more similar to *Compton* where a party to a divorce agreement was given a listing of property and its valuation. 101 Idaho at 337, 612 P.2d at 1184. The wife was on notice and free to challenge the husband's valuation, but she failed to do so. *Id.* The court stated that her "inadvertence or misjudgment in failing to do so when the opportunity was ripe is an excellent example of the type of conduct which the independent action to relieve a party from judgment will not lie to correct." *Id. Telfair v. Greyhound Corp.* is analogous to this case. 89 Idaho 385, 388, 404 P.2d 875, 876 (1965). In *Telfair* the Court held that there was no fraud where the appellant did not investigate with due diligence. *Id.*

■ Flood made some efforts to depose Katz after entry of the judgment. Procedural disputes frustrated those efforts, but those facts do not rise to the level of a "most unusual circumstance." Flood's actions were similar to the appellant's in *Telfair.* Further, there was no misrepresentation to the district court in obtaining the satisfaction of judgment, unlike *Campbell* in which the district court was misled as to the legitimacy of the arbitration.

The district court determined the case upon the basis of fraud on the court. This Court will not address the other issues that were presented to the district court which must be raised in a separate action.

## IV.

## CONCLUSION

The decision of the district court setting aside the Satisfaction of Judgment is reversed. Katz is allowed costs. No attorney fees are allowed.

Justices TROUT, EISMANN, BURDICK and JONES concur.