192 P.3d 1058

**Randell WALLER, Plaintiff–Appellant,**

v.

**STATE of Idaho, Idaho DEPARTMENT OF HEALTH AND WELFARE, Defendant–Respondent.**

No. 33831.

Supreme Court of Idaho,
Boise, February 2008 Term.

Aug. 26, 2008.

Brad B. Poole, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Michael Scott Keim argued.

HORTON, Justice.

Appellant Randell Waller (Waller) appeals from the district court's dismissal of his complaint wherein he sought relief from a default judgment entered eleven years earlier. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The material facts of this case are not in dispute. On November 7, 1990, Waller and Jennifer Waller (Jennifer) were married. On March 13, 1991, Jennifer gave birth to a child. The child was conceived prior to the marriage between Waller and Jennifer. Based upon 2003 DNA test results, it is undisputed that Waller is not the child's biological father. Waller and Jennifer separated in March 1992, but did not divorce until much later.

In approximately January 1994, the State of Idaho Department of Health and Welfare (State) began to provide public assistance benefits on behalf of the child. On June 22, 1994, the State filed an action against Waller in Ada County (the state case) seeking an order for reimbursement for benefits provided on behalf of the child and to establish Waller's child support obligations. As a result of ongoing substance abuse, Waller neglected his personal affairs and did not respond to the complaint. Default judgment was entered against Waller on January 17, 1995. Waller was ordered to reimburse the State for public assistance benefits previously provided on behalf of the child, to make monthly child support payments terminating when the child reached majority unless the child continued his education, to carry medical insurance on the child and pay 66% of the medical insurance premiums, to pay one half of all work-related child care expenses, and to pay attorney fees and costs.

On February 19, 2004, Waller filed for divorce from Jennifer in Canyon County (the divorce case). The divorce decree was entered on March 19, 2004, based upon the stipulation of the parties. In the decree, the court found that Waller was not the biological father of the child and stated, in pertinent part, that Waller "has no financial responsibility regarding said minor child, past, present, or future, and that he is relieved from any child support or child support arrearage." The State was not a party to the divorce case.

On July 26, 2004, Waller and the State stipulated to consolidate the divorce case into the state case. Waller filed a motion to set

aside the judgment and order in the state case. In September 2004, the State, Waller, and a custodial caretaker of the child signed a stipulation to set aside the judgment in the state case. However, at the hearing on the motion to set aside the judgment, the court held that the motion was untimely pursuant to Rule 60(b), I.R.C.P. and denied the motion. Waller did not appeal this decision.

The presiding magistrate suggested that Jennifer and the child's grandmother execute waivers of child support payment. This was done. As a result, the State has suspended accrual of additional child support under the terms of the 1995 Judgment and Order and has eliminated all debt owed to either of those individuals. However, prior to Waller obtaining either the Judgment and Decree of Divorce, or the two waivers, the State had provided over $20,000 in public assistance benefits on behalf of the child. The sole obligation at issue is the State's claim for reimbursement of those public assistance benefits.

On April 21, 2006, Waller brought the instant action seeking an order that his child support obligations "be removed" and that he be reimbursed for sums collected from him, as well as attorney fees and costs. The State answered and moved, pursuant to I.R.C.P. 12(b)(6), to dismiss Waller's complaint on the basis that his claim was barred by the doctrine of res judicata and thus fails to state a claim upon which relief can be granted. Because each of the parties requested the district court to decide the motion on the basis of documents other than the pleadings, the State filed a reply brief requesting that the district court treat the motion to dismiss as a motion for summary judgment under I.R.C.P. 56, as permitted by I.R.C.P. 12(b)(6).

The district court dismissed Waller's complaint. The district court found that the relief Waller sought was barred by the doctrine of res judicata and that Waller failed to demonstrate that he was entitled to equitable relief. Waller then appealed to this Court.

## II. STANDARD OF REVIEW

When reviewing a district court's grant of summary judgment, this Court uses the same standard a district court uses when it rules on a summary judgment motion. *Ticor Title Co. v. Stanion,* 144 Idaho 119, 122, 157 P.3d 613, 616 (2007); *Jordan v. Beeks,* 135 Idaho 586, 589, 21 P.3d 908, 911 (2001). Summary judgment is appropriate when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). All facts are viewed in a light most favorable to the nonmoving party. *Ticor Title Co.,* 144 Idaho at 122, 157 P.3d at 616 (citing *R.G. Nelson, A.I.A. v. Steer,* 118 Idaho 409, 410, 797 P.2d 117, 118 (1990)).

"*Res judicata* is comprised of claim preclusion (true *res judicata* ) and issue preclusion (collateral estoppel)." *Navarro v. Yonkers,* 144 Idaho 882, 885, 173 P.3d 1141, 1144 (2007) (quoting *Hindmarsh v. Mock,* 138 Idaho 92, 94, 57 P.3d 803, 805 (2002)). Whether claim preclusion or issue preclusion bars relitigation between the same parties to an earlier litigation is a question of law upon which this Court exercises free review. *Ticor Title Co.,* 144 Idaho at 122, 157 P.3d at 616 (citing *Lohman v. Flynn,* 139 Idaho 312, 319, 78 P.3d 379, 386 (2003)). "*Res judicata* is an affirmative defense and the party asserting it must prove all of the essential elements by a preponderance of the evidence." *Ticor Title Co.,* 144 Idaho at 122, 157 P.3d at 616 (citing *Foster v. City of St. Anthony,* 122 Idaho 883, 890, 841 P.2d 413, 420 (1992)).

A trial court's decision whether to grant relief pursuant to I.R.C.P. 60(b) is reviewed for abuse of discretion. *Flood v. Katz,* 143 Idaho 454, 456–57, 147 P.3d 86, 88–89 (2006). The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary, (2) acted within the boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason. *Id.* "A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court." *Idaho State Police ex rel. Russell v. Real Property Situated in the County*

*of Cassia,* 144 Idaho 60, 62, 156 P.3d 561, 563 (2007). Those factual findings will be upheld unless they are clearly erroneous. *Id.* "If the trial court applies the facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion." *Id.*

## III. ANALYSIS

The district court dismissed Waller's Complaint for the following reasons: (i) the 1995 default judgment establishing paternity and ordering Waller to pay child support had preclusive effect under the doctrine of *res judicata;* and (ii) Waller did not establish that he was entitled to equitable relief under I.R.C.P. 60(b) because he failed to establish a claim of fraud and his eleven-year-delay in contesting the default judgment was neither reasonable nor excusable.

### A. The district court correctly found that *res judicata* barred Waller from relitigating the issue of paternity.

 The district court held that, under the doctrine of *res judicata,* "the underlying default and child support order constitutes a final decision that was decided on the merits, and now bars relitigation of paternity." As we have previously noted, the doctrine of *res judicata* covers both claim preclusion and issue preclusion. In this case, the question before this Court is whether issue preclusion applies because Waller is attempting to relitigate the issue of paternity. "Issue preclusion protects litigants from litigating an identical issue with the same party or its privy." *Ticor Title Co.,* 144 Idaho at 123, 157 P.3d at 617 (citing *Rodriguez v. Dep't of Corr.,* 136 Idaho 90, 92, 29 P.3d 401, 403 (2001)). The general rule is that once a judgment is entered it is *res judicata* with respect to all issues which were or could have been litigated. *Compton v. Compton,* 101 Idaho 328, 333, 612 P.2d 1175, 1180 (1980); *Magic Valley Radiology, P.A. v. Kolouch,* 123 Idaho 434, 436–37, 849 P.2d 107, 109–10 (1993); *Farmers Nat'l Bank v. Shirey,* 126 Idaho 63, 70, 878 P.2d 762, 769 (1994). Five factors are required for collateral estoppel to bar relitigation of an issue decided in an earlier proceeding:

(1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Ticor Title Co.,* 144 Idaho at 124, 157 P.3d at 618 (citations omitted).

 Waller argues that the State failed to prove these elements. His first argument is that he had no full and fair opportunity to litigate the issue of paternity because the judgment was entered by default. This argument is without merit. This Court has held that, absent fraud or collusion, the principle of *res judicata* applies equally in cases of default judgment. *Beesley v. Beesley,* 114 Idaho 536, 537, 758 P.2d 695, 696 (1988) (citing *Robinson v. Robinson,* 70 Idaho 122, 128, 212 P.2d 1031, 1034 (1949)).

 Waller next addresses the second and third elements of collateral estoppel, asserting that the issue of paternity was not actually decided in the previous case because the State merely made a presumption that he was the father of the child since he was married to Jennifer at the time of the child's birth. However, the district court held that, pursuant to I.R.C.P. 8(d), Waller "admitted each and every allegation set forth in the complaint, including the allegation that he was parent of the child, because he failed to file an answer, appear at the hearing, or otherwise raise any defenses to rebut the presumption of his paternity pursuant to I.C. § 7–1119." While it is now undisputed that Waller is not the biological father of the child, Waller's current suit against the State is simply an effort to relitigate the issue of paternity raised in the earlier action. Waller could have (and manifestly should have) presented this defense in the prior lawsuit.

In *Miller v. Miller*, 96 Idaho 10, 523 P.2d 827 (1974), a default divorce decree awarded custody of a child born during marriage to the husband. The child's mother moved for modification of the custody order, presenting a report, "which established that the [former husband] was not the father of the child." 96 Idaho at 11, 523 P.2d at 828. Based upon this evidence, the trial court awarded custody to the mother. We reversed, holding that the mother was "precluded by the pleadings and the decree of divorce from raising the issue of paternity in this action to modify the custody provision of the divorce decree." 96 Idaho at 13, 523 P.2d at 830. We concluded that "unless the [mother] can show a basis for reopening the action as provided in I.R.C.P. 60, she will be bound by the original judgment of the trial court which found that the child was the issue of the marriage." *Id.*

■ The doctrine of *res judicata* serves three important purposes:

First, it "[preserves] the acceptability of judicial dispute resolution against the corrosive disrespect that would follow if the same matter were twice litigated to inconsistent results." Second, it serves the public interest in protecting the courts against the burdens of repetitious litigation; and third, it advances the private interest in repose from the harassment of repetitive claims.

*Hindmarsh*, 138 Idaho at 94, 57 P.3d at 805 (quoting *Aldape v. Akins*, 105 Idaho 254, 257, 668 P.2d 130, 133 (Ct.App.1983)).

The essence of Waller's claim is that this Court should disregard these important policy considerations and hold that his ongoing substance abuse constitutes a legal excuse for his disregard of his legal affairs. This Court has applied the doctrine of *res judicata* since the earliest days of the last century. *State v. Davis*, 7 Idaho 776, 778, 65 P. 429, 430 (1901). We are not persuaded that we should overturn the body of law developed in over a century's worth of decisions from this Court on the facts presented in this case. Thus, we affirm the district court's determination that the default judgment precluded Waller from relitigating the issue of paternity.

**B. The district court properly exercised its discretion in refusing to invalidate the child custody order on equitable grounds.**

■ Waller has not identified the basis upon which his equitable action rests. The trial court found, and we agree, that I.R.C.P. 60(b) is the only identifiable legal basis for Waller's request to set aside or vacate the child support order for reasons of fraud or by exercise of the court's equitable powers. *See Miller*, 96 Idaho at 13, 523 P.2d at 830. This Court has previously stated that "[c]laims brought under I.R.C.P. 60(b) are not barred by *res judicata* because they are one of the recognized 'avenues … for attacking a judgment.'" *Davis v. Parrish*, 131 Idaho 595, 597, 961 P.2d 1198, 1200 (1998) (quoting *Compton*, 101 Idaho at 333, 612 P.2d at 1180). Therefore, although the district court found that relitigation of the issue of paternity was barred by *res judicata*, that court properly considered whether Waller was entitled to equitable relief under I.R.C.P. 60(b).

I.R.C.P. 60(b) provides several grounds upon which a court may relieve a party from judgment or set aside a judgment including, *inter alia:* fraud, mistake, inadvertence, or excusable neglect, provided that a motion is brought within either six months or one year (depending on the underlying basis for the motion) after the judgment or order was entered. I.R.C.P. 60(b). Waller's delay of eleven years clearly bars these time-limited avenues of attack under I.R.C.P. 60(b).

■ However, I.R.C.P. 60(b) also recognizes the district court's authority to entertain an independent action to relieve a party from a judgment on the basis of equity. *Compton*, 101 Idaho at 333, 612 P.2d at 1180. There is no express time limit for an independent action to relieve a party from judgment. *Id.* at 334, 612 P.2d at 1181. The power of the courts to entertain such an action is inherent, and is not, therefore, subject to the time limitations imposed by I.R.C.P. 60(b). *Id.; see also Gregory v. Hancock*, 81 Idaho 221, 227, 340 P.2d 108, 111 (1959) (addressing former I.C. § 5–905, now repealed and addressed by I.R.C.P. 60(b)). The independent action must, howev-

er, be brought within a "reasonable time." *Davis*, 131 Idaho at 597, 961 P.2d at 1200; *Compton*, 101 Idaho at 334, 612 P.2d at 1181 (citing *Gregory*, 81 Idaho at 227, 340 P.2d at 112).

The district court found Waller's eleven-year-delay unreasonable. The determination whether an independent action was brought within a reasonable time is ordinarily a question of fact to be resolved by the trier of fact. *Davis*, 131 Idaho at 597, 961 P.2d at 1200 (citing *Thiel v. Stradley*, 118 Idaho 86, 88, 794 P.2d 1142, 1144 (1990)). Waller has not challenged the district court's factual determination on appeal. Having independently reviewed the record, we are unable to conclude that the district court's finding that the delay was unreasonable is clearly erroneous.

Further, this Court has stated that an independent action to set aside a judgment is "a most unusual remedy, available only rarely." *Compton*, 101 Idaho at 335, 612 P.2d at 1182. Thus, a motion to set aside a judgment " 'will only be granted in the most unusual of circumstances.' " *Flood*, 143 Idaho at 457, 147 P.3d at 89 (quoting *Campbell v. Kildew*, 141 Idaho 640, 649, 115 P.3d 731, 740 (2005)). This form of relief should not be a remedy for inadvertence or oversight by a party to the original action. *Flood*, 143 Idaho at 457, 147 P.3d at 89; *Compton*, 101 Idaho at 335, 612 P.2d at 1182. An independent action to set aside a judgment based upon a claim of fraud "will lie only in the presence of an extreme degree of fraud." *Compton*, 101 Idaho at 335, 612 P.2d at 1182.

Although Waller alleged fraud in his complaint, the district court concluded that "there is no scintilla of evidence that the State engaged in any fraudulent conduct, made any false representations to [Waller], or prevented him by trick or artifice from fairly presenting his claims or defenses." Waller has not addressed this conclusion on appeal.

The record supports the district court's ruling denying Waller equitable relief. In seeking judgment against Waller, the State lawfully presumed that the child was Waller's because it was born at the time he was married to Jennifer. *See Miller*, 96 Idaho at 12, 523 P.2d at 829 (discussing the presumption of legitimacy of a child born in wedlock). At the time of the original action, Waller knew that he was not the father of the child. Waller had the opportunity to present his defense; his failure to do so was the consequence of his own neglect rather than the conduct or misconduct of the State. Under these circumstances, Waller is not entitled to relief. Accordingly, we affirm the district court's conclusion that Waller was not entitled to equitable relief.

## C. The State is entitled to an award of attorney fees incurred on appeal.

The State requests attorney fees on appeal pursuant to I.C. § 12–117. Under that statute, this Court must award attorney fees where a person did not act with a reasonable basis in fact or law in a proceeding involving a state agency which prevails in the action. *Id.; Rincover v. State, Dep't of Fin., Sec. Bureau*, 132 Idaho 547, 549, 976 P.2d 473, 475 (1999). On appeal, Waller has not acknowledged, much less addressed, the decisions of this Court relating to application of the doctrine of *res judicata* in cases involving default judgments. He has identified no legal authority to support his claim of entitlement to pursue an independent action to set aside the default judgment. He has not addressed the district court's factual or legal findings regarding his claim for equitable relief. Under these circumstances, we find that Waller has pursued this appeal without a reasonable basis in fact or law and award attorney fees to the State pursuant to I.C. § 12–117.

## IV. CONCLUSION

We affirm the district court's dismissal of Waller's complaint. Costs and fees are awarded to the State.

Chief Justice EISMANN and Justices BURDICK and W. JONES concur.

J. JONES, J., specially concurring.

I fully concur in the Court's opinion. Mr. Waller is in an unfortunate predicament but

it is primarily of his own making. The rules that result in a denial of relief to Mr. Waller are well settled and it would be inappropriate for the Court to bend those rules to allow relief here.

On the other hand, the Department has the ability to let Mr. Waller off the hook. In September of 2004 the Department made an effort to do so. It acknowledged the error regarding Mr. Waller's paternity and stipulated to set aside the judgment and order for child support. The magistrate judge declined to set the judgment aside, finding the effort to be untimely. It would seem that the Department could then have simply dropped further efforts to collect the support arrearages.